UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00047-GNS-HBB

NELDA WEBB, by and through her
Power of Attorney, MARTHA TOWE                                                           PLAINTIFF

v.

CRACKER BARREL OLD COUNTRY STORE, INC.                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 26). The motion is ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff asserts this negligence action against Defendant after suffering injuries from purportedly slipping on an accumulation of rocks or gravel on Defendant's premises. (Notice Removal Ex. 1, at 6-9, DN 1-1; Towe Dep. 16:15-23, 22:13-23:8, Sept. 12, 2019, DN 30-1). Defendant has moved for summary judgment. (Def.'s Mot. Summ. J. 1, DN 26).

### II. JURISDICTION

Diversity jurisdiction is afforded over this matter, as Plaintiff is a citizen of Kentucky and Defendant is incorporated in and has its principal place of business in Tennessee. *See* 28 U.S.C. § 1332(a)(1); (Notice Removal ¶¶ 3-6, DN 1).

### III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a

genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must demonstrate that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

### IV.    **DISCUSSION**

The parties agree that Kentucky state substantive law governs Plaintiff's claims. (Def.'s Mem. Supp. Mot. Summ. J. 1, DN 27; Pl.'s Resp. Def.'s Mot. Summ. J. 1, DN 30); *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, J., concurring) ("[F]ederal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (citation omitted)); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) ("As we are sitting in diversity, we apply the substantive law of Kentucky, the forum state." (citation omitted)). The parties also agree that that the Kentucky Supreme Court's decision in *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003), outlines the applicable legal standards governing Defendant's motion:

> [I]n *Lanier* . . . [the Kentucky Supreme Court] adopted a burden-shifting approach to premises liability cases involving injuries to business invitees. Under *Lanier*,

2

> the customer retains the burden of proving that: (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, and "shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises."

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (internal citations omitted) (citation omitted); (Def.'s Mem. Supp. Mot. Summ. J. 2; Pl.'s Resp. Def.'s Mot. Summ. J. 1).

Defendant concedes, for purposes of its motion, that Plaintiff has met her burden under *Lanier*, arguing only that there is no genuine issue of material fact as to its exercise of reasonable care. (Def.'s Mem. Supp. Mot. Summ. J. 3, 9-10; Pl.'s Resp. Def.'s Mot. Summ. J. 3). The only issue before the Court, therefore, is whether Defendant has "establish[ed] as a matter of law that it acted reasonably under the circumstances." *Cooper v. Steak 'N Shake, Inc.*, No. 5:18-cv-417-EBA, 2019 WL 5212888, at *3 (E.D. Ky. Oct. 16, 2019) (applying *Lanier* standard).

In an attempt to show that it exercised reasonable care, Defendant makes two arguments. First, Defendant disputes the existence of rocks or gravel on its premises altogether. (Def.'s Mem. Supp. Mot. Summ. J. 3-5). A witness seems to have attributed the rocks or gravel Plaintiff slipped on Defendant's landscaping. (Towe Dep. 18:14-21:20, 42:5-43:15). To counter this assertion, Defendant points to its discovery responses, which indicate that it does not use gravel in its landscaping, and post-accident photographs that purportedly show no gravel in the area that Plaintiff fell. (Def.'s Mem. Supp. Mot. Summ. J. 3-5, 9).

Although the witness's identification of the source of the rocks or gravel appears to be challenged by the evidence Defendant proffered, the witness's incorrect attribution of the source of the rocks or gravel does not necessarily prove as a matter of law that there were no rocks or

3

gravel on the premises. *See Easter v. Asurion Ins. Servs., Inc.*, 96 F. Supp. 3d 789, 797 (M.D. Tenn. 2015) ("While it appears that someone is outright lying, or at least has serious recollection issues, credibility determinations are [a] quintessential [] jury function." (citations omitted)). The fact that Defendant does not use gravel in its landscaping does not eliminate the totality of ways that gravel could have accumulated on its premises. *See Johnson v. Wal-Mart Stores E., LP*, 169 F. Supp. 3d 700, 706 (E.D. Ky. 2016) ("[Defendant] actually has to prove that the [foreign substance] was 'there for an insufficient length of time to have been discovered and removed or warned of by [its] employees.'" (third alteration in original) (citations omitted)). Moreover, the photograph Defendant points to as indicating the nonexistence of gravel may have been taken around three hours after the incident. (Def.'s Mot. Summ. J. Ex. 1, at 183, DN 26-1; Patton Dep. 67:14-18, 71:3-11, Sept. 24, 2019, DN 30-2). The lapse of time between the incident and the photograph raises serious questions about its accurate depiction of the site of the incident at the time the incident occurred. Additionally, from the photograph, it is difficult to ascertain whether rocks or gravel may have accumulated in the area where Plaintiff fell. (Def.'s Mot. Summ. J. Ex. 1, at 183). A genuine issue of material fact exists as to whether Plaintiff really did slip on rocks or gravel.

Second, Defendant points to its policies and procedures for maintaining a safe business premises as evidence of its exercise of reasonable care. (Def.'s Mem. Supp. Mot. Summ. J. 5-9). Defendant does not articulate, however, why its policies and procedures, even if exactly followed, establish the exercise of reasonable care as a matter of law. In other words, Defendant does not demonstrate as a matter of law that its policies and procedures, in and of themselves, are not deficient, i.e. fall below the standard of care. Additionally, the existence of policies and procedures does not necessarily indicate that Defendant or its employees actually followed them. Indeed,

Plaintiff points to testimony from Defendant's restaurant manager that indicates potential deviations from those policies and procedures. For example, Defendant asserts that three inspections of its premises per shift is the customary process. (Def.'s Mot. Summ. J. Ex. 1, at 7). Defendant's restaurant manager testimony, however, suggests that an inspection is performed only when the manager deems it necessary. (Patton Dep. 12:18-20, 41:18-42:15). Whether Defendant's policies and procedures actually meet the standard of care and whether Defendant took reasonable steps to ensure that its employees actually followed them are questions for the jury.

Defendant has not met its burden of "establish[ing] as a matter of law that it acted reasonably under the circumstances" on the arguments it has presented to the Court. *Cooper*, 2019 WL 5212888, at *3. Accordingly, the motion will be denied.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 26) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

July 6, 2020

cc: counsel of record